**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN G. TEVERE and JUDITH A. TEVERE, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | Civil Action No.17cv2455 |
| v. | ) | |
| | ) | Honorable Elaine E. Bucklo |
| WELTMAN, WEINBERG & REIS, CO., L.P.A. and OLD NATIONAL BANK, | ) | |
| | ) | Jury Demanded |
| | ) | |
| DEFENDANTS. | ) | |

**<u>SECOND AMENDED COMPLAINT</u>**

Plaintiffs, John G. Tevere and Judith A. Tevere, bring this action to secure redress from

unlawful credit and collection practices engaged in by Defendants Weltman, Weinberg & Reis,

L.P.A. and Old National Bank. Plaintiff alleges violations of the Fair Debt Collection Practices Act,

15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Consumer Fraud and Deceptive Business Practices Act,

815 ILCS § 505/2 *et seq*. and Malicious Prosecution, and in support thereof state as follows:

**<u>VENUE/JURISDICTION</u>**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §

1692k(d).

2.      Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendant transacts business here.

**<u>PARTIES</u>**

3.      Plaintiff, John G. Tevere, is a natural person who resides in Frankfort, Illinois, and is

a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.     Plaintiff, Judith A. Tevere, is a natural person who resides in Frankfort, Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Weltman, Weinberg, & Reis, Co., L.P.A., (hereinafter "Weltman") is a collection agency and law firm operating from an address of 180 North LaSalle Street, Suite 2400, Chicago, IL 60601, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it regularly collects and/or attempts to collect defaulted consumer debts via telephone, litigation, and mail that are due or owed or asserted to be due or owed another.  Defendant maintains a website, www.weltman.com, wherein it has a "Consumer Collections" section, www.weltman.com/practices/consumer-collections. Weltman's principal business purpose is the collection of defaulted consumer debts.

6.     Defendant, Old National Bank, (hereinafter "Old National") is a Nationally Chartered Bank, according to Weltman.

## FACTUAL ALLEGATIONS

7.     Plaintiffs allegedly obtained a line of credit from Prairie Bank and Trust Company, which Old National Bank alleged to have thereafter purchased after it was first assigned to Integra Bank National Association (the "alleged debt"). Plaintiffs incurred the alleged debt for personal, family and household purposes as the alleged debt was asserted to be incurred in connection with (and secured by) Plaintiffs' personal residence ("Property"), as a line of credit. Plaintiffs thus incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.     The alleged debt was not incurred for a business purpose.

9.     The loan that serves as the basis for the alleged debt was not issued to a business, but to Plaintiffs personally.

10. The alleged debt was thereafter declared to be in default, and Old National Bank hired Weltman to collect the alleged debt.

11. On or around June 28, 2013, Weltman filed a lawsuit to collect the alleged debt ("First Action") in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois titled *Old National Bank v. Judith A. Tevere and John G. Tevere,* Case No. 13L 0528. (Ex. A, Complaint).

12. The First Action was thereafter dismissed voluntarily, *without prejudice*. (Ex. B, Docket).

13. On or around November 17, 2014, Weltman filed a second lawsuit to collect the alleged debt ("Second Action") in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois titled *Old National Bank v. Judith A. Tevere and John G. Tevere,* Case No. 14L 0894. (Ex. C, Complaint).

14. Though Plaintiffs were represented at all times by counsel, Weltman nonetheless attempted to collect the alleged debt from Plaintiffs by communicating with them directly by mailing them letters, on behalf of Old National, in connection with the collection of the alleged debt.

15. For example, on November 10, 2015, Weltman mailed a letter to each Plaintiff requesting that Plaintiffs contact Old National Bank to discuss payment options. (Ex. E, Letters attached to Third Action Complaint).

16. Thereafter, upon the filing of a motion to dismiss by Plaintiffs, the Second Action was thereafter dismissed *with prejudice*. (Ex. D, Order).

17. On or around March 30, 2016, Weltman filed a third lawsuit to collect the alleged debt by foreclosing the associated mortgage ("Third Action") in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois titled *Old National Bank v. Judith A. Tevere et al,* Case No. 16CH 00638. (Ex. E, Complaint).

18.     Plaintiffs were served with a copy of the Third Action on April 6, 2016, and thus each became aware of the Third Action on that date.

19.     Though Plaintiffs' counsel repeatedly requested that the Third Action be dismissed on the basis that the filing and maintenance of the Action was barred by Illinois law, Defendants refused to dismiss the Third Action after the Second Action was dismissed with prejudice, and maintained the Action even though the filing and maintenance of the Third Action was barred by both the Single Refiling Rule, and by the doctrine of *res judicata*.

20.     Both the filing and the maintenance of the Third Action was thus barred by Illinois law, and Plaintiffs again filed a motion to dismiss the Third Action based on violation of the Single Refiling Rule, and based upon preclusion by the doctrine of *res judicata*.

21.     On August 15, 2017, the State Action Court dismissed the Third Action *with prejudice*. (Ex. G, Order).

22.     The Illinois single refiling rule provides that a plaintiff who dismisses a lawsuit "may commence a new action within one year or within the remaining period of limitation, whichever is greater." *See 735 ILCS 5/13-217*. Illinois courts interpret this language to mean that a plaintiff who voluntarily dismisses a lawsuit may commence only one new action within the statutorily imposed time limit. *See Carr v. Tillery, 591 F.3d 909, 914 (7th Cir. 2010)*. Once the plaintiff commences this one new action, any further action is barred. *See, e.g., Timberlake v. Illini Hosp., 175 Ill. 2d 159, 676 N.E.2d*.

23.     Long-standing Illinois law precludes a plaintiff from foreclosing on a mortgage when an action on the underlying note is barred by the statute of limitations or another procedural rule. *See, e.g., Hibernian Banking Ass'n v. Commercial Nat. Bank*, 157 Ill. 524, 41 N.E. 919, 922 (Ill. 1895) ("[I]t has been repeatedly decided by this court that the mortgage is a mere incident of the

debt, and is barred when the debt it barred[.]"); *see also* Dale Joseph Gilsinger, Annotation, *Survival of Creditor's Rights Created by Mortgage or Deed of Trust as Affected by Running of Limitation Period for Action on Underlying Note*, 36 A.L.R. 6th 387 (2008) (collecting cases showing that the states are split on the question of whether a creditor can foreclose a mortgage when an action on the underlying note is barred).

24.     Weltman filed two separate lawsuits to collect the alleged debt before filing the Third Action, and the Second Action was dismissed with prejudice, on the merits. The Third Action is thus barred by the Illinois single-refiling rule. Old National could not foreclose on the Mortgage referenced in the Third Action because it was barred by Illinois statute (the single refiling rule) from filing another action to enforce the note underlying the Mortgage. *United Cent. Bank v. KMWC* 845, LLC, 800 F.3d 307, 311 (7th Cir. 2015) (Ex. F, *United Cent*. Opinion).

25.     Each complaint—the First, Second and Third Actions—sought to collect the full, accelerated alleged obligation. Each complaint sought to collect the same principal balance of $222,301.30 plus interest, based on the same alleged breach of the same Note.

26.     Defendants' Third Action contained the same monthly installment default date ranges that were included in the First and Second Action.

27.     Defendants had no legal basis to attempt to collect the alleged debt, or to seek a personal deficiency from Plaintiffs, by the filing, service and maintenance of the Third Action, s the State Court found that Old National had no legal basis to have maintained the Third Action.

28.     Defendants had no legal basis to attempt to collect the alleged debt and any attorney fees or costs via the filing and maintenance of the Second Action, as the State Court found that Old National had no standing to maintain the Second Action.

29.     Defendants had no legal basis to attempt to collect "attorney fees", "costs" and "expenses" from Plaintiffs as sought in the Third Action, as the filing and maintenance of the action itself was barred by Illinois law.

30.     In truth and in fact, when the Second Action was dismissed with prejudice, the maintenance of the Third Action was also barred by *res judicata* as the alleged debt was extinguished at that time by the dismissal with prejudice of the Second Action, in addition to being barred by the Single Refiling Rule.

31.     Defendants thus made misrepresentations in the Third Action, including that Plaintiffs owed the alleged debt, that Old National was entitled to "attorney fees", "costs" and "expenses" from Plaintiffs as the result of the filing of the Third Action, and that Weltman and Old National could proceed to file and maintain the Third Action to collect the alleged debt—which alleged debt did not even any longer exist as it ceased to exist when judgment was entered in favor of Plaintiffs, Mr. and Mrs. Tevere,  in the Second Action.

32.     Plaintiffs' counsel had assured Plaintiffs on repeated occasions that Old National Bank could not file and maintain the Third Action under Illinois law, and Plaintiffs' counsel has had to repeatedly explain to Plaintiffs that the filing and maintenance of the Third Action was improper, and that the fact that Plaintiffs have been required to incur substantial expense in maintaining a defense in the Third Action is not due to any negligence on their counsel's part, but rather is due to improper actions taken by Old National Bank and Weltman.

33.     Plaintiffs each suffered substantial financial harm in having to pay for an appearance as well as attorney fees to defend in the Second and Third Actions. Plaintiffs also suffered emotional distress as the result of Defendants' actions, including, *inter alia*, feelings of

anxiety, feelings of anger, feelings of confusion, feelings of hopelessness, feelings of helplessness, depression and loss of sleep.

34.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard under the FDCPA claim. Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.--WELTMAN

35.    Plaintiffs incorporate the allegations stated above as if they were alleged herein.

36.    15 U.S.C. § 1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**. . . (2) The false representation of--**
**(A) the character, amount, or legal status of any debt;  or**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

37.    In addition to being proscribed from even filing the Third Action by operation of the Single Refiling Rule, on and after October 7, 2016, the date upon which the Second Action was dismissed with prejudice, Weltman knew that Plaintiff did not owe the alleged debt or any associated attorney fees, costs, and/or expenses to Old National Bank by operation of the doctrine of *res judicata*.  Weltman misrepresented the amount, character, legal status, and compensation to which it is entitled, all in violation of section 1692e(2).

38.    Weltman's efforts to collect the alleged debt via litigation, specifically via the Third Action complaint, violated 15 U.S.C. § 1692e, 1692e(2), and 1692e(10), as Plaintiffs did not owe the money, sought by Old National Bank, that Weltman attempted to collect from them, and

Weltman misrepresented that they did in the Third Action complaint, which misrepresentations were communicated to Plaintiffs when each was served with the Third Action complaint and summons.

39.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**(1)      The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law…**

40.     Weltman's efforts to collect the alleged debt via litigation, specifically via the Third Action complaint, also violated 15 U.S.C. §§ 1692f and f(1), as there was no basis—legal nor contractual—which could support the collection of the alleged debt, personal deficiency, or any associated attorney fees, costs, and/or expenses from Plaintiffs.

41.     15 U.S.C. § 1692d of the FDCPA provides in part as follows:

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**

42.     Weltman violated 15 U.S.C. § 1692d by filing, serving and maintaining the Third Action against Plaintiffs which Defendant had no basis in law to file or maintain, to collect the alleged debt, thus harassing, oppressing and abusing Plaintiffs in connection with the collection of the alleged debt. Weltman further violated this section by misrepresenting in the complaint associated with the Third Action that Old National Bank was entitled to judgment and attorney fees and costs when it knew these representations were false, as the natural consequence of such representations harassed, oppressed and abused the Plaintiffs.

43.     By filing the Third Action and maintaining it when Illinois law proscribes the

same, Weltman oppressed, abused and harassed Plaintiffs in connection with the collection of the

alleged debt.

WHEREFORE, Plaintiffs, John G. Tevere and Judith A. Tevere, ask that the Court enter

judgment in their favor and against Weltman as follows:

A.      Statutory damages to each pursuant to 15 U.S.C. § 1692k(a)(2);

B.      Actual damages to each pursuant to 15 U.S.C. § 1692k(a)(1);

C.      Costs and reasonable attorney fees pursuant to 15 U.S.C.
        1692k(a)(3); and

D.      Such other or further relief as the Court deems proper.

## COUNT II-CONSUMER FRAUD-OLD NATIONAL BANK

44.     Plaintiffs incorporate the allegations stated above as if they were alleged herein.

45.     At all relevant times, there was in full force and effect in the State of Illinois a

statute commonly known as the Consumer Fraud and Deceptive Business Practices Act, 815

ILCS § 505/2.

46.     Plaintiffs are each a consumer within the meaning of the Consumer Fraud and

Deceptive Business Practices Act [815 ILCS 505/1(e)], as Old National alleged that Plaintiffs

executed a consumer loan that Old National asserted falsely to have thereafter purchased, and

had a right to collect, though no such right existed.

47.     The collection of debts constitutes services as defined by the Consumer Fraud

and Deceptive Business Practices Act [815 ILCS 505/1(b)].

48.     The collection of debts constitutes trade and commerce as defined by the

Consumer Fraud and Deceptive Business Practices Act [815 ILCS 505/1(f)]. Debt collection

practices are a consumer activity that involves trade or commerce. See *Bradley v. Fairbanks Capital Corp.*, No. 02 C 7786, 2003 U.S. Dist. LEXIS 7465, at *12-13 (N.D. Ill. May 1, 2003).

49.     Duly authorized agents of Old National, namely employees and/or agents of Weltman, made material misrepresentations to Plaintiffs regarding their liability on the alleged loan associated with the alleged debt.

50.     Specifically, said misrepresentations include communications made by Weltman via letters dated November 10, 2015 and mailed to each Plaintiff within which Weltman, on behalf of Old National, misrepresents that a loan is owed to Old National, when Plaintiffs owed no money to Old National.

51.     By the mailing of said letters, Weltman, on behalf of Old National, acted deceptively and misrepresented that Plaintiffs owed a loan that was past due and that Plaintiffs would have a Grace Period applicable to their alleged loan when, in fact, no money was owed Old National by Plaintiffs, and the implication that Plaintiffs could or should explore "options" was calculated to induce Plaintiffs into payment via exploring, *i.e.*, mediation with old National.

52.     Weltman, on behalf of old National, induced Plaintiffs to participate in mediation with Old National as to payment of the alleged loan debt when, in fact, Plaintiffs owed no money to Old National.

53.     Plaintiffs relied on Defendants' misrepresentations and paid attorneys to engage in an extend period of mediation as to the alleged loan debt at substantial expense of time and money.  Plaintiffs would not have engaged in mediation had they known the truth, which was that Old National did not own, and had no right to collect, the alleged loan debt from Plaintiffs.

54.     The mailing of the letters also constitutes unfair conduct, which (1) violates public policy, (2) is so oppressive that the consumer has little choice but to submit, and (3)

causes consumers substantial injury. Plaintiffs had little choice but to submit to the "options" available as referenced in the letters, and were damaged thereby both financially and in suffering emotional distress.

55.     Plaintiffs were damaged by Defendants' actions and suffered, *inter alia*, emotional distress, feelings of helplessness, hopelessness, anxiety, and financial damages (including expenses associated with travel to mediation, attorney fees, parking fees, etc) as the result of Defendants' attempts to collect said alleged loan debt.

56.     Old National's conduct is part of a pattern of misconduct which affects consumers and the public interest, and has a potential for repetition and further injury to others. Its actions in relentlessly attempting to collect a debt from Plaintiffs that was not owed were made in reckless disregard of the rights of Plaintiffs, thereby warranting the imposition of punitive damages.

57.     At all times relevant to the facts alleged in this complaint, Weltman's efforts to collect the debt from Plaintiff were duly authorized by Old National, which had hired Weltman to bring about collection of the alleged debt.

58.     Further, by filing the Second Action, which alleges that Plaintiffs owe money to Old National, Weltman, on behalf of Old National, misrepresented to Plaintiffs and the State Action court that it had a right to file suit and collect the alleged debt, which was false.

59.     Further, by filing the Third Action, which alleges that Plaintiffs owe money to Old National, Weltman, on behalf of Old National, misrepresented to Plaintiffs and the State Action court that it had a right to file suit and collect the alleged debt, which was false.

60.     Weltman, on behalf of Old National, intended that Plaintiffs rely on the misrepresentations.

61.     The misrepresentations occurred in the course of commerce and trade.

62.    Said misrepresentations proximately caused actual damages in the "time and Money" Plaintiffs spent defending the Second Action and Third Action. See *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 942 (N.D. Ill. 2012).

63.    Defendants were each an active and direct participant in the filing of the Second Action and Third Action, as well as the communications and letters mailed by Weltman to Plaintiffs, referenced above.

64.    Weltman at all times relevant was an agent of Old National, and was paid by Old National for the debt collection actions it performed on behalf of Old National, including the mailing of the letters at issue and the filing and maintenance of the lawsuits referenced above.

65.    Plaintiffs were damaged by Defendants' actions and suffered, *inter alia*, emotional distress, feelings of helplessness, hopelessness, anxiety, and financial damages (including attorney fees, appearance fees, and other expenses associated with travel to mediation, parking fees, etc) as the result of Defendants' attempts to collect said alleged loan debt via litigation.

66.    Defendants intended that Plaintiffs rely on the misrepresentations made to Plaintiffs regarding Old National's ownership of the alleged debt and their legal ability to collect the alleged debt, and Plaintiffs did in fact rely on said misrepresentations to their detriment.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant Old National Bank for:

A.    Actual damages;

B.    Punitive damages;

C.    Costs of bringing this action and attorney fees incurred in
so doing, pursuant to 815 ILCS 505/10 (c);

D.    Whatever other relief this Court deems just and proper.

## COUNT III—MALICIOUS PROSECUTION—OLD NATIONAL BANK

67.     Plaintiffs incorporate the allegations stated above as if they were alleged herein.

68.     Defendants filed and maintained the Second and Third Actions without probable cause. Specifically, the Second Action was filed even though Old National was aware that it did not own the alleged debt it sought to collect, and the Third Action was filed after the Second Action, and maintained even after the Second Action was dismissed with prejudice.

69.     Both the Second Action and Third Actions were terminated in Plaintiffs' favor. Specifically, the Second Action was dismissed with prejudice on October 7, 2016, and the Third Action was dismissed with prejudice on August 15, 2017.

70.     Old National did not have probable cause to file and maintain the Second Action, as it was aware that it did not own the debt, but filed the Second Action presumably in the hopes that it would obtain  a default against Plaintiffs.

71.     Old National did not have probable cause to file and maintain the Third Action, the foreclosure, as Illinois law precludes a plaintiff from foreclosing on a mortgage when an action on the underlying note is barred by the statute of limitations or another procedural rule. *See, e.g., Hibernian Banking Ass'n v. Commercial Nat. Bank*, 157 Ill. 524, 41 N.E. 919, 922 (Ill. 1895) ("[I]t has been repeatedly decided by this court that the mortgage is a mere incident of the debt, and is barred when the debt it barred[.]"). Here, an action on the note was barred after Old National filed the Second Action, so the very filing of the Third Action was proscribed by Illinois law.

72.     Because the Second Action was dismissed with prejudice on October 7, 2016, dismissal of that action barred the maintenance of the Third Action that was pending on that date

under the doctrine of *res judicata* as well. Old National thus did not have a legal right, much less probable cause, to file and maintain either action against Plaintiffs.

73. Old National's filing and maintenance of the suits evidenced malice, as Weltman knew that Illinois law proscribes the filing and maintenance of either suit, yet Weltman, on behalf of Old National, nonetheless filed and maintained the lawsuits anyway, despite repeatedly being informed by Plaintiffs' counsel that the Third Action is proscribed by law, and despite being charged with understanding Illinois law with respect to said proscription, which Defendants ignored.

74. Old National oppressively forced Plaintiffs to defend a controversy, the Third Action, that had been already been judicially determined in the Second Action almost a year prior.

75. Plaintiffs were damaged and continue to be damaged as the result of Old National's actions in filing and maintaining the Second and Third Actions, as Old National continues to assert a lien on the Property at issue that constitutes a cloud on title, and continues to communicate to third parties, including the credit reporting agencies, that Plaintiffs owe money to Old National as if it had prevailed in the Second and third Actions, even though judgment has been entered in favor of Plaintiffs on this issue. Plaintiffs are damaged thereby by missed opportunities as they cannot sell the Property should they choose to do so without first paying Old National money that is not owed to Old National, and Plaintiffs are forced to bear the costs of carrying the Property including taxes, payments on the first mortgage, etc. due to Old National's actions. Such damages constitute special damages.

76. Plaintiffs have also been damaged in that they have lost the opportunity to refinance the Property and obtain credit as the result of Old National's actions in communicating

to third parties that Plaintiffs owe it money, when this is in fact false.  Such damages constitute special damages.

77.     Plaintiffs have also been damaged in having to defend three frivolous successive actions regarding alleged breach of the same Note, and maintained the Third Action even after it became clear under both the doctrine of *res judicata* and the Single Refiling Rule that the Third Action was barred, constituting further special damages as the filing of three successive lawsuits on the same alleged breach of the same Note, all of which were dismissed, constitutes harassment.

WHEREFORE, Plaintiffs request that judgment be entered in his favor against Defendant Old National Bank for:

A.     Actual damages;

B.     Punitive damages;

C.     Whatever other relief this Court deems just and proper.

By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com

## JURY DEMAND

Plaintiffs demand a trial by jury.


## CERTIFICATE OF SERVICE

I, Mario Kasalo, an attorney, certify that on September 15, 2017, I shall cause to be served a copy of the foregoing document  in this case that will be served via ECF upon all counsel that have appeared in this action on behalf of Defendant




By: /s/ Mario Kris Kasalo
Mario Kris Kasalo

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)
Mario.kasalo@kasalolaw.com



## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


By: /s/ Mario Kris Kasalo
Mario Kris Kasalo