```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION


John G. Tevere and Judith A.   )
Tevere,                        )
                               )
      Plaintiffs,              )
                               )
   v.                          )    No. 1:17-cv-2455
                               )
                               )
Weltman, Weinberg & Reis,      )
Co., L.P.A. and Old National   )
Bank,                          )
                               )
      Defendants.              )
                               )
                               )
```

Order

Plaintiffs John and Judith Tevere have brought this action against defendants Weltman, Weinberg & Reis, Co., L.P.A. ("Weltman") and Old National Bank ("ONB"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.,* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS §§ 505/1, *et seq.*, and asserting a state law claim for malicious prosecution. ONB moves to dismiss the ICFA and malicious prosecution claims asserted against it for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, I grant the motion.

I.

This case concerns actions that ONB and Weltman took to collect a debt that plaintiffs allegedly owed on a mortgage loan. ONB claims to have purchased rights to collect on the subject loan after the originating bank ceased operations. In 2013, ONB filed a breach-of-contract action in Illinois state court against plaintiffs seeking to collect allegedly past due payments. ONB voluntarily dismissed that suit without prejudice in 2014. Later that year, ONB filed another breach-of-contract action, which the state court dismissed with prejudice in 2016 after ONB apparently failed to establish an unbroken chain of title on the loan. Before that case was dismissed, however, ONB filed yet another state court action, this time for foreclosure on plaintiffs' mortgage. The foreclosure case was ultimately dismissed with prejudice in 2017 on the grounds that, because of the prior two dismissals, it was barred under the doctrine of *res judicata* and Illinois' single-refiling rule, which permits a plaintiff who voluntarily dismisses a lawsuit to file *only one* new action within the statutory time limit. *See Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010) (citing Illinois cases); 735 ILCS § 5/13-217 (after voluntarily dismissing a claim, a plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater").

Plaintiffs filed the present action against Weltman in 2016, alleging that the law firm violated the FDCPA by attempting to collect on a debt that its client, ONB, could not establish it was owed. After the state foreclosure action was dismissed with prejudice, plaintiffs amended their complaint to add the two counts against ONB that are the subject of the present motion. In Count II, plaintiffs allege that ONB violated the ICFA by filing the foreclosure action despite it being barred by Illinois' single-refiling rule. They further allege that ONB violated the ICFA by sending letters to plaintiffs misrepresenting that they owed money to ONB and by filing the second breach-of-contract action when it was aware that it did not own the debt it sought to collect. In Count III, plaintiffs assert a claim for malicious prosecution because, they allege, the second breach-of-contract action and the foreclosure action were filed and maintained without probable cause. ONB contends that both counts fail to state a claim and should be dismissed.

II.

When considering a motion to dismiss for failure to state a claim, I accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 351 (7th Cir. 2017). To avoid dismissal, the complaint must set forth "enough details about the subject-matter of the case to present a story

3

that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). In addition to the well-pleaded allegations in the complaint, courts may consider documents attached to the complaint and records subject to proper judicial notice at the dismissal stage. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

ONB argues that plaintiffs' malicious prosecution claim should be dismissed because plaintiffs have not sufficiently alleged special damages. To state a claim for civil malicious prosecution in Illinois, a plaintiff must allege that "the defendant instituted the underlying suit without probable cause and with malice, that the former action was terminated in the plaintiff's favor, and that as a result of the underlying action the plaintiff suffered a special injury beyond the usual expense, time or annoyance in defending a lawsuit." *Miller v. Rosenberg*, 749 N.E.2d 946, 952 (Ill. 2001). The special injury requirement reflects the responsibility of courts "to maintain a proper balance between the societal interest in preventing harassing suits and in permitting the honest assertion of rights in [court]." *Cult Awareness Network v. Church of Scientology Int'l*, 685 N.E.2d 1347, 1356 (Ill. 1997). To meet this requirement at the pleading stage, a plaintiff generally must allege that the underlying suit caused them some "quantifiable damage" that exceeds what other individuals defending such a

4

suit might experience. *Harmon v. Gordon*, 712 F.3d 1044, 1056-57 (7th Cir. 2013). Here, plaintiffs allege that they have missed opportunities to sell or refinance their home and had to carry the costs of property taxes and mortgage payments as a result of ONB's litigation. Second Am. Compl. ¶¶ 75-76. These are costs that anyone defending a foreclosure action could reasonably anticipate, and they are therefore inadequate to satisfy the special injury requirement. *See Harmon*, 712 F.3d at 1057 (allegations of lost clients and inability to attract new clients did not satisfy special injury requirement); *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 603 (7th Cir. 1995) (allegations of lost rental payments and the devaluation and inability to redevelop property did not satisfy special injury requirement); *Schwartz v. Schwartz*, 8 N.E.2d 668, 671 (Ill. 1937) (injury to credit and lien against property were not evidence of a special loss "over and above the ordinary expense and trouble attendant upon the defense of an ordinary civil suit").

Plaintiffs insist that it is "irrelevant" whether they suffered any special injury because ONB filed its lawsuits to harass them. While it is true that Illinois courts have recognized that the filing of numerous lawsuits after a final decision on the merits or concurrent lawsuits to harass another person can satisfy the special injury requirement, that is not the case here. *Cf. Cult Awareness*, 685 N.E.2d at 1356 (a

5

"sustained onslaught of litigation" including 21 separate suits filed over a 17-month period was enough to satisfy the special injury rule); *Shedd v. Patterson*, 134 N.E. 705, 707 (Ill. 1922) (party who filed numerous successive suits after he had his rights conclusively determined was not immune to malicious prosecution claim). Plaintiffs allege that ONB filed one foreclosure action in violation of Illinois' single-refiling rule and maintained that action after its second breach-of-contract action had been dismissed with prejudice. This is not the sort of harassing litigation conduct that would excuse plaintiffs from pleading special damages. Plaintiffs have therefore failed to state a claim for malicious prosecution.

Plaintiffs' ICFA claim fares no better, as it is barred by Illinois' litigation privilege. "Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983) (citing *Lyddon v. Shaw*, 372 N.E.2d 685, 690 (Ill. App. Ct. 2d Dist. 1978)). Courts applying this rule have repeatedly dismissed ICFA claims based on the filing of a meritless lawsuit. *Rosales v. Weltman, Weinberg & Reis Co.,* No. 15-CV-06943, 2017 WL 1436957, at *5 (N.D. Ill. Apr. 24, 2017) (ICFA claim barred by Illinois' litigation privilege); *Whittler v. Midland Funding, LLC,* No. 14 C 9423, 2015 WL 3407324, at *3 (N.D. Ill. May 27, 2015) (same);

6

*Witbrod v. Blitt & Gaines, P.C.*, No. 14-CV-8176, 2015 WL 1996803, at *3 (N.D. Ill. Apr. 29, 2015) (same). Moreover, courts have recognized that Illinois' litigation privilege protects not only the filing of lawsuits, but also statements made in the course of litigation. *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998) ("In essence, the absolute litigation privilege affords immunity to attorneys (and other participants in the judicial process) from tort liability arising out of statements made in connection with litigation."); *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, No. 1:16 CV 9788, 2018 WL 509960, at *4 (N.D. Ill. Jan. 23, 2018) (noting that Illinois courts apply litigation privilege outside of the defamation context); *Shuffle Tech Int'l, LLC v. Sci. Games Corp.*, No. 15 C 3702, 2015 WL 5934834, at *16 (N.D. Ill. Oct. 12, 2015) ("[M]isrepresentations made in the course of prosecuting a meritless lawsuit do not give rise to a cause of action [under the ICFA]."); *Atkinson v. Affronti*, 861 N.E.2d 251, 255 (Ill. App. Ct. 1st Dist. 2006) (applying litigation privilege to attorney demand letters); *Skopp v. First Fed. Sav. of Wilmette*, 545 N.E.2d 356, 360 (Ill. App. Ct. 1st Dist. 1989) ("An absolute privilege protects anything said or written in a legal proceeding, including out-of-court communications between attorneys and their clients.").

7

Here, the misrepresentations that plaintiffs charge ONB with making all stem from ONB's litigation conduct and thus cannot give rise to ICFA liability. Under Illinois law, the vehicle for plaintiffs to hold ONB responsible for filing its allegedly meritless foreclosure and breach-of-contract actions is a malicious prosecution claim, which plaintiffs have failed to sufficiently plead for the reasons outlined above. They cannot escape those pleading deficiencies by casting the same allegations as an ICFA claim. Plaintiffs argue that, even if ONB's meritless suits do not trigger ICFA liability, they should nonetheless be able to maintain their ICFA cause of action against ONB for the two allegedly deceptive letters ONB and Weltman sent them in 2015. But these letters, which are attached to the complaint, are the types of communications that the litigation privilege protects. ONB's lawyers sent them in connection with debt at issue in the second breach-of-contract action while that action was pending in state court. Plaintiffs cannot plausibly state an ICFA claim on these allegations.

### III.

Because I dismiss plaintiffs' claims for the foregoing reasons, I need not address ONB's other arguments for dismissal. Counts II and III of plaintiffs' second amended complaint are dismissed, and ONB is terminated as a defendant in this case.

**ENTER ORDER:**

_Elaine E. Bucklo_

**Elaine E. Bucklo**
United States District Judge

Dated: June 15, 2018